# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Carlos Hernandez,

        Plaintiff,

v.

Dave & Buster's, Inc.
and Anthony Donatelle,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 25-551 ADM/JFD

---

Drew Kudlinski, Esq., and Emma R. Denny, Esq., HKM Employment Attorneys, LLP, Minneapolis, MN, on behalf of Plaintiff.

Marko J. Mrkonich, Esq., and Nathan T. Boone, Esq., Littler Mendelson, P.C., Minneapolis, MN, on behalf of Defendants.

---

## I.  INTRODUCTION

On January 7, 2026, the undersigned United States District Judge heard oral argument on Plaintiff Carlos Hernandez's ("Hernandez") Motion to Lift Stay and Remand [Docket No. 31], and Defendant Dave & Buster's, Inc. ("Dave & Buster's") and Anthony Donatelle's ("Donatelle") (collectively, "Defendants") Motion to Compel Arbitration and Vacate Arbitration Award [Docket No. 19] and Motion to Dismiss [Docket No. 25].  For the reasons set forth below, Hernandez's motion is granted and Defendants' motions are not reached.

## II.  BACKGROUND

### A.  Factual Allegations

Hernandez, a Minnesota resident, began working in 2001 as a cook for Dave & Buster's, a Missouri corporation.  Compl. [Docket No. 1, Attach. 1] ¶¶ 1-2, 6.  In 2023, Hernandez was assigned to a new location in Maple Grove, Minnesota, where he assisted with opening the

location and worked as a kitchen manager.  Id. ¶ 7.  Donatelle, also a Minnesota resident, was Hernandez's manager.  Id. ¶¶ 3, 11.

 In April 2024, Hernandez saw a doctor for osteoarthritis in his knee and was given a steroid injection.  Id. ¶¶ 8, 11.  After the appointment, Hernandez gave Donatelle a doctor's note stating that Hernandez would need to ice and elevate his leg.  Id. ¶ 11.  Hernandez alleges that soon after receiving the note, Donatelle began micromanaging him, swearing at him, and writing him up for errors that were not his fault.  Id. ¶ 12.

In July 2024, Donatelle placed Hernandez on a performance improvement plan.  Id. ¶ 13.  Later that month, Hernandez suffered a flare-up of his osteoarthritis that required multiple doctor visits.  Id. ¶¶ 14-16.  On July 30, 2024, a doctor provided Hernandez with a list of work restrictions for Hernandez that included working no more than six to seven hours per day, not lifting over 40 pounds, and taking a 15-minute break every hour.  Id. ¶ 16.  Hernandez alleges that after Donatelle received the doctor's note, he joked about Hernandez's medical condition and the need for accommodations.  Id. ¶ 17.

In early August 2024, Hernandez submitted a doctor's note stating he would require knee surgery on September 3, 2024 and would need to be off from work for two weeks following the surgery.  Id. ¶ 18.  Hernandez alleges that days after he provided the doctor's note, he was fired for "failing to meet company expectations and improve his performance."  Id. ¶ 18-19.

**B.  Procedural Background**

In January 2025, Hernandez commenced this action against Defendants in Hennepin County District Court of Minnesota, alleging disability discrimination in violation of the Minnesota Human Rights Act ("MHRA") against Dave & Buster's, and reprisal in violation of the MHRA against both Defendants.  Id. ¶¶ 20-31.

In February 2025, Defendants removed the action to this Court, invoking diversity jurisdiction based on Defendants' assertion that Donatelle had been fraudulently joined. Notice Removal [Docket No. 1] ¶¶ 2, 5-6. Defendants then moved to compel arbitration [Docket No. 3], and Hernandez moved to remand [Docket No. 10].

Before the motions were argued, the parties jointly moved to stay the case pending arbitration [Docket No. 15], and the Court granted the motion to stay pending the Arbitrator's ruling on the arbitrability of Hernandez's claims. Order [Docket No. 17]. In October 2025, the Arbitrator dismissed the arbitration for lack of arbitral jurisdiction, holding that the Arbitration Agreement was void for illusory consideration. Denny Decl. [Docket No. 39] Ex. C.

Defendants now move to vacate the arbitration award and compel arbitration. Defendants also move to dismiss the MHRA reprisal claim against Donatelle, arguing that he was fraudulently joined for the purpose of defeating diversity jurisdiction. Hernandez moves to lift the stay and remand the case for lack of subject matter jurisdiction, arguing that Donatelle was properly joined as a defendant because the reprisal claim against him is supported by a reasonable basis in fact and law.

### III.  DISCUSSION

**A.  Hernandez's Motion to Lift Stay and Remand**

The Court will first consider Hernandez's motion to lift the stay and remand for lack of subject matter jurisdiction, because if jurisdiction is lacking the Court cannot adjudicate Defendants' motions. See, e.g., Prospect Funding Holdings (NY), LLC v. Ronald J. Palagi, P.C., L.L.C., 76 F.4th 785, 787–88 (8th Cir. 2023) (dismissing an application to vacate arbitration awards for lack of jurisdiction where the dispute did not include a federal question or diversity of citizenship).

### 1. Legal Standard

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). If a district court concludes that it does not have subject matter jurisdiction over a removed case, it must remand the case. Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003) (citing 28 U.S.C. § 1447(c)).

Federal diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship. Great River Ent., LLC v. Zurich Am. Ins. Co., 81 F.4th 1261, 1262 (8th Cir. 2023). "If any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity' and federal courts lack jurisdiction." Id. When a plaintiff has joined a non-diverse party as a defendant in a state case that is later removed, the defendants may avoid remand only by showing that the non-diverse party was fraudulently joined. Filla, 336 F.3d at 809.

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." Filla, 336 F.3d at 810 (quoting Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)). "However, if there is a 'colorable' cause of action---that is, if the state law might impose liability on the resident defendant under the facts alleged---then there is no fraudulent joinder." Id. (internal quotation marks and citation omitted) (emphasis in original).

"It is a defendant's burden to establish fraudulent joinder, and that burden is a heavy one." Arens v. O'Reilly Auto., Inc., 874 F. Supp. 2d 805, 808 (D. Minn. 2012). To meet this burden, it must be "clear under governing state law that the complaint does not state a cause of

4

action against the non-diverse defendant." <u>Knudson v. Sys. Painters, Inc.</u>, 634 F.3d 968, 980 (8th Cir. 2011) (emphasis in original).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  <u>In re Prempro</u>, 591 F.3d at 620.

### 2. Analysis

Hernandez argues that a reasonable basis in fact and law exists to support an MHRA reprisal claim against Donatelle, and thus Defendants cannot satisfy their heavy burden of showing that Donatelle was fraudulently joined.  Hernandez thus contends that diversity jurisdiction is lacking and the case must be remanded to state court.

Defendants argue that Donatelle was fraudulently joined because (1) the MHRA reprisal statute does not impose personal liability on managers, and (2) even if it does, Hernandez has not alleged facts to support a reprisal claim against Donatelle.

### a.  Individual Liability Under the Reprisal Statute

The MHRA reprisal statute, Minn. Stat. § 363A.15, states in relevant part:

> It is an unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator, employer, labor organization, employment agency, public accommodation, public service, educational institution, or owner, lessor, lessee, sublessee, assignee or managing agent of any real property, or any real estate broker, real estate salesperson, or employee or agent thereof to intentionally engage in any reprisal against any person [who engages in protected activity].

The parties disagree about whether this language allows for individual liability against managers.  Hernandez argues that the phrases "any individual" and "employee or agent thereof" establish that § 363A.15 holds liable any person who engages in retaliation either in their personal capacity or as an employee.  Defendants read the language differently, arguing that the phrase "employee or agent thereof" refers only to employees or agents of real estate brokers or salespersons.

Although no Minnesota appellate court has directly addressed the issue, several state and federal district courts have held that the language of the MHRA's reprisal statute arguably imposes individual liability on supervisors and managers who retaliate in the scope of their employment.  See Arens, 874 F. Supp. 2d at 809 ("The Court simply cannot conclude that Minnesota law would (or would not) impose liability on [the individual supervisor] for reprisal. Accordingly, the Court determines that [the supervisor] was not fraudulently joined, diversity does not exist, removal was improper, and the case must be remanded."); Lovely v. Circle K Stores, Inc., No. 24-1010 DWF/DTS, 2024 WL 3300563, at *1 (D. Minn. July 3, 2024) (remanding case where it was "unclear" whether plaintiff's supervisor may be individually liable for reprisal under the MHRA); Larson v. Wells Fargo Bank, N.A., No. 13-2117 ADM/JJK, 2014 WL 300933, at *2-3 (D. Minn. Jan. 27, 2014) (concluding that the MHRA reprisal statute arguably imposes individual liability on supervisors and remanding case to state court); Pearson v. Rohn Industries, Inc., No. 73-CV-12-7130, 2013 WL 11320101, at *1-*4 (Minn. Dist. Ct. Nov. 19, 2013) (denying motion for summary judgment on plaintiff's MHRA reprisal claims against defendant company's owner, president, and sales manager); Pribyl v. Bernard J. Mulcahy Co., Inc., No. 19HA-CV-23-5288, 2024 WL 4007470, at *1, *4 (Minn. Dist. Ct. Apr. 12, 2024) (concluding MHRA reprisal statute provides liability for individuals and denying motion to dismiss plaintiff's reprisal claims against individual defendants including plaintiff's supervisor).

The above cases provide a reasonable basis in law for predicting that Hernandez's manager, Donatelle, might be held individually liable for reprisal under Minn. Stat. § 315A.15. While Minnesota law is not entirely clear on the issue of individual liability for managers under the reprisal statute, the Court "has no responsibility to definitively settle the ambiguous question of state law."  Filla, 336 F.3d at 811 (emphasis in original).  Instead, "the better practice is for the

6

federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id.

### b. Factual Basis for Reprisal Claim against Donatelle

The reprisal claim against Donatelle is also supported by a reasonable basis in fact. To establish a prima facie case of MHRA reprisal, a plaintiff must show: "(1) statutorily-protected conduct by the employee; (2) adverse employment action by the employer; and (3) a causal connection between the two." Hoover v. Norwest Priv. Mortg. Banking, 632 N.W.2d 534, 548 (Minn. 2001) (internal quotations omitted). An employee engages in protected conduct under the reprisal statute when the employee seeks an accommodation for their disability. Id. at 549.

Here, Hernandez alleges that after he informed Donatelle of his osteoarthritis in late April 2024, Donatelle swore at him, micromanaged him, and put him on a performance improvement plan in July 2024. Hernandez further alleges that after he submitted doctor's notes in late July and early August 2024 requesting work restrictions and informing Defendants of his upcoming knee surgery, he was terminated on August 9, 2024 for purported poor job performance. It is plausible to infer from these allegations that (1) Hernandez engaged in statutorily-protected conduct by requesting accommodations for his osteoarthritis, (2) Donatelle (as Hernandez's supervisor and the person who placed him on the performance improvement plan) made the decision to fire Hernandez, and (3) a casual connection exists between the protected conduct and the adverse employment action. The length of Hernandez's employment with Dave & Buster's (more than 20 years) before he was placed on a performance improvement plan also gives some credence to the reprisal allegations against Donatelle.

Because there is an arguably reasonable basis for predicting that state law might impose liability on Donatelle based on the facts alleged, the Court concludes that he was not fraudulently

7

joined.  Accordingly, diversity jurisdiction does not exist, removal was improper, and Hernandez's motion to lift the stay and remand the case to state court will be granted.

## B. Defendants' Motions

Because the Court has remanded this case to state court, Defendants' Motion to Dismiss and Motion to Compel Arbitration and Vacate the Arbitration Award need not be considered in federal court.

## IV.  CONCLUSION

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff Carlos Hernandez's Motion to Lift Stay and Remand [Docket No. 31] is **GRANTED**;

2.  Defendants Dave & Buster's, Inc. and Anthony Donatelle's Motion to Compel Arbitration and Vacate Arbitration Award [Docket No. 19] and Motion to Dismiss [Docket No. 25] are not reached in federal court; and

3.  This case is **REMANDED** to Hennepin County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Dated: March 6, 2026

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT